IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MICHAEL JUSTIN PARKINS**                                                                **PLAINTIFF**
**ADC #168018**

v.                             No: 2:23-cv-00230-BSM-PSH

**DEXTER PAINE,** *et al.*                                                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Michael Justin Parkins, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, filed a pro se complaint on November 22, 2023 (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 3). The Court has reviewed Parkins' complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Parkins alleges that prison staff have ignored his complaints that other inmates are forging his name on checks and stealing money from his inmate

account.  Doc. No. 2 at 4.  He seeks a return of $182.85 and the $350 filing fee for filing this lawsuit.  *Id.* at 5.  Parkins fails to state a claim upon which relief may be granted, for the reasons described below.

First, Parkins' allegation that prison staff ignored his complaints regarding stolen property fails to state an actionable claim for relief.  Parkins cannot state a viable constitutional claim based on the loss of his personal property because Arkansas provides an adequate post-deprivation remedy when property is wrongfully taken.  *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (unauthorized deprivation of property does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); *Willis Smith & Co., Inc. v. Arkansas,* 548 F.3d 638, 640 (8th Cir. 2008) (Arkansas provides adequate post-deprivation remedy for property claims through the Arkansas State Claims Commission).

Second, Parkins does not describe the specific involvement of any named defendant in the violations he alleges.  A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation.  *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

## III. Conclusion

For the reasons stated herein, it is recommended that:

1. Parkins' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 4th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE